UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYLVIA R.-M.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-00699-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION**

**[21-DAY DEADLINE]**

Petitioner Sylvia R.-M. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) Upon review of the petition, the Court determined that the legal issues raised by the petition appeared to have been previously addressed by the Court in prior cases. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On January 28, 2026, the Court ordered Respondents to show cause whether there are any

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 4.)

On February 2, 2026, Respondents filed a response to the order to show cause. (Doc. 8.) Respondents contend there is a factual difference in this case from the previous cases identified above.  Respondents state that Petitioner demonstrated noncompliance with the terms of her earlier release because she was convicted of and served a jail sentence for driving under the influence in 2023 and therefore appears to be a danger to the community. (Doc. 8 at 1.) Respondents do not assert, nor is there any evidence proffered, that this conviction was the motivation and rationale for re-detaining her. Respondents do not dispute Petitioner's allegation that she had complied with all check-ins and monitoring requirements. In addition, Respondents do not allege that Petitioner's release order had been cancelled before they detained her. In support of their claim, Respondents cite the same legal arguments rejected by the Court in the cases previously noted. Respondents do not dispute Petitioner's allegation that she was detained without notice or due process. Thus, the Court finds that the factual issue identified by Respondents does not render the case materially different from the cited cases to justify denying the petition, and Respondents have not identified any legal issues in this case that would distinguish it from the Court's prior decisions in Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). Thus, the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons addressed in those prior orders.

## RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:     **February 3, 2026**                         /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE

3